Walter R. Hart, J.
Plaintiff moves for summary judgment in an action brought to recover damages for personal injuries and wrongful death.
The accident occurred on September 10, 1960, shortly before noon, at Sixth Avenue and 35th Street, in the Borough of Manhattan. Defendant had been proceeding westerly along 35th Street and came to a stop at the corner of Sixth Avenue, at which point his wife and daughter alighted from the car to go shopping. Plaintiff’s decedent, a pedestrian, was struck by defendant’s car as he was making a right turn to go north on Sixth Avenue.
An eyewitness, Donato Lanzilotta, testified at a hearing in the City Magistrate’s Court that he was driving a taxicab north on Sixth Avenue and was approximately halfway across the intersection when he saw defendant pass a red light and strike decedent. Defendant’s car then struck the rear portion of his taxicab and continued across Sixth Avenue into another car. He described the weather as clear and sunny.
A photostatic copy of the foregoing testimony is attached to the moving papers, together with a copy of defendant’s examination before trial. Defendant testified in his examination that the traffic light was red for 35th Street traffic at the time that he had stopped at the crossing. When the light changed to green, he proceeded to make a right turn into Sixth Avenue. He did not see any pedestrian on the crosswalk to his right, nor did he *980 see any vehicle approaching from either direction on Sixth Avenue. He further testified:
“ Q. Tell us what you say happened on that day and at that time? A. I don’t know. I was driving the car on 35th Street — when I turned to the right I see the woman dropped in front of the car. • .
“ Q. As you were making the turn how far was this lady from your car when you first saw her? A. I don’t know—right in front — not far away. I don’t see her.
# # #
“ Q. Now, * * * how far into Sixth Avenue had you come before you saw the lady? A. About in the middle of the intersection.
“ Q. In other words you got to about the center of 6th Avenue when you made your right turn is that correct? A. Yes.
# * *
“ Did you ever see this lady before the moment that you tell us about when she was immediately in front of your car? A. No.
# * *
“ Q. What happened to your car after you saw the lady? A. I turned the car to the left. I tried to get out of the way. I lost control.”
In his opposing affidavit on the motion, defendant further elaborated: “As I was making my turn, I did not see, but I became aware of something passing me on my left. Suddenly, I saw in front of my car a short distance away, a woman that I later found out was anna lihdenbaum. She was coming from my left. Immediately upon seeing her, I noticed her falling. I then turned my wheels to the left and came in contact with a rear end of what turned out to be a car that was passing me. Because of the excitement I threw my hands off the wheel. I really don’t know what happened afterwards but my car ended up against a parked car on the far side of Sixth Avenue which was north of the intersection. ’ ’
Annexed to the opposing papers is a photostatic copy of testimony given by Lanzilotta and another eyewitness, Bernardo Lima, at a hearing before the Department of Motor Vehicles. At such hearing, Lanzilotta testified that decedent was in the middle of 35th Street when she was hit by defendant’s car. He did not know in which direction she was crossing but she was among pedestrian traffic that was moving north and south, to his right. He also stated that “ there was quite a few people crossing. A lot of people managed to get out of the way, but this woman got hit.”
*981 Lima testified that decedent started to cross with a green light in her favor, and that the light changed while she was in the intersection. At one point he stated that she was crossing from east to west and that he was behind her, going in the same direction. Later he testified that he witnessed the accident from the northwest corner. In any case, he saw defendant’s car as it turned into Sixth Avenue and struck decedent and the two vehicles previously mentioned. He observed that defendant 1 ‘ got excited and put his hands on his head and let the wheel go.”
There is also an affidavit by defendant’s daughter who confirmed the fact that she and her mother were in defendant’s car and had alighted therefrom before defendant started to make a right turn into Sixth Avenue. She further states that she was attracted to the scene when she heard “ a metallic noise ” and saw defendant’s car proceeding across Sixth Avenue at a very slow rate of speed and coming to rest against a car parked on Sixth Avenue north of the intersection. Apparently she did not see the accident involving plaintiff’s decedent.
Upon the foregoing proof defendant’s counsel urges that there is a question of fact as to the status of the traffic lights at the time of the accident and, as bearing upon the possible contributory negligence of decedent, whether she was on the Sixth Avenue or 35th Street crosswalk when she was struck. He also makes the point that the police reports attached to plaintiff’s moving papers contain the name of another eyewitness whom he has not been able to contact. Counsel admits, however, that the nature of the testimony of this person is purely speculative at the present time. Nonetheless, he urges that the facts should be developed at a trial, especially since the victim of the accident is dead and defendant does not recall the details.
I am fully mindful that the problem presented on this motion for summary judgment is “ issue-finding, rather than issue-determination ” (Falk v. Goodman, 7 N Y 2d 87, 91; Sillman v. Twentieth Century-Fox Film Corp., 3 N Y 2d 395, 404). Basically, the question here is whether there is a sufficient factual demonstration to indicate the existence of genuine triable issues with respect to the negligence of defendant and contributory negligence of plaintiff’s decedent (Gerard v. Inglese, 11 A D 2d 381; Di Sabato v. Soffes, 9 A D 2d 297).
After a careful appraisal of the affidavits and other proof submitted herein, I fail to see any triable issue. Defendant has not given any plausible or acceptable account of the events which immediately preceded the accident. The testimony that he did not see any pedestrians or moving vehicular traffic when he entered the intersection—at one of the busiest shopping sections *982 in the world—is utterly incredible. The rule is well settled that testimony to the effect that one has looked but did not see what there was to.be seen, is incredible as a matter of law (Weigand v. United Traction Co., 221 N. Y. 39, 42; Massey v. Matza, 11 A D 2d 36, 37).
The alleged issue as to whether decedent was on the Sixth Avenue or 35th Street crosswalk when she was struck is of no moment. There was no evidence that she entered either crosswalk in disregard of any traffic signal or that she otherwise deported herself in a manner which might have contributed to the happening of the accident.
Concerning the missing eyewitness, no reason appears for withholding summary judgment on this account. Defendant’s counsel has not indicated that any effort has been made to locate this witness and has frankly conceded that the nature of the testimony which might be forthcoming from this source is conjectual. Possible proof of such dubious quality is hardly a basis for defeating or even deferring summary judgment. It was incumbent upon defendant, in opposing this motion, to assemble his proofs and establish by affidavits or other evidence the existence of a genuine defense, and this he has failed to do (Di Sabato v. Soffes, supra). The motion for summary judgment is therefore granted and an assessment of damages directed.