John D. Bennett, S.
In this accounting proceeding a hearing has been held on various objections to the account. The primary objection urged by the objectant, the decedent’s widow, is number 11 and concerns the validity of a stockholders’ buy-and-sell agreement and an amendment thereto executed by the decedent and his two brothers, who are the executors, and three corporations, all of whose stock was owned by the decedent together with his brothers. The objection attacks the validity of the agreement on the ground that the decedent ‘1 was not possessed *574 of the mental competence to enter into such amendment to said agreement and in that he was unduly influenced to enter into such amended agreement ’ \ To that end, the objectant introduced into evidence the testimony of an attending physician and decedent’s hospital record during the period in which the amendment to the buy-and-sell agreement was executed. At most, however, the only conclusions which can be drawn from this evidence are that the decedent was suffering from a serious illness that caused him pain, which required the use of certain pain-relieving medications. The doctor’s testimony was far from conclusive as to the specific effect of the medications which were used. In answer to a direct question with regard to the effect on decedent’s mental ability of a certain narcotic, the doctor answered “ Well, it would have some effect on dulling his senses, I suppose. It depends on what the time relations are and so forth”. No further attempt to develop this answer was made.
Even assuming the competency of the widow’s testimony over objection, under section 347 of the Civil Practice Act, that the decedent had expressed a desire to his brothers to sell his corporate stock during his life, there is no evidence that the brothers attempted to forestall such a sale, or that there was a design or plan on their part to delay any action until the decedent could be taken advantage of in a weakened moment. Furthermore, the only effect of the amendment to the buy-and-sell agreement was to allow an installment payment of the consideration for the stock. The very real motivation for the amendment was the fear that payment of the insurance on decedent’s life, which was to be used to fund the buy-and-sell agreement, would be contested.
Although not expressly part of objection 11, the objectant elaborated upon the alleged invalidity of the buy-and-sell agreement by her contention that it was unenforcible because the amendment provided for payment directly by the corporations in the event the insurance payments were not sufficient, and since there might not be a surplus sufficient in the corporations for such direct payments, the agreement lacked mutuality of consideration, citing Topken, Loring & Schwarts v. Schwarts (249 N. Y. 206). Because of this alleged unenforcibility, the objectant contends that the executors should have disaffirmed the agreement, such disaffirment presumably resulting in a gain to the estate over the fixed sums in the agreement payable for decedent’s interests. However, even in the Tophen case the Court of Appeals implied that if other consideration were present, the agreement would not have lacked enforcibility. In *575 Greater New York Carpet House v. Herschmann (258 App. Div. 649) the court held that the payment of premiums by the corporation furnished such additional consideration. The agreement here, being similar in that respect, is held to be enforcible. The claim that the decedent made a valid offer during his life to sell the stock is without merit since even if the requirement of a formal notice to sell under the agreement were waived, the court finds the subsequent July 7, 1958 agreement to be a conscious and voluntary act of the decedent, free from restraint, fraud and undue influence and accordingly any desire to sell his interests during his life must give way to this final agreement before death to which he was a party. The entire objection 11 is therefore dismissed.
Belated to the above questions is the motion made by petitioners to relieve the three corporations and an individual from producing the books and records of the corporations. Since the court has disposed of objection 11 in all its ramifications, an inspection of the corporate books and records at this point is neither material nor relevant. Accordingly, the motion made by order to show cause dated April 27, 1961, is granted.
Objection 1 is dismissed, since it apparently concerns the valuation of the stock involved in the buy-and-sell agreement. Such valuations under this decision are irrelevant.
Objection 2 has been disposed of by the petitioners’ agreement to amend the account.
Objection 3 seeks to charge the executors with assets not reported by them. The burden of such a showing is upon the objectant. Since no evidence of unreported assets was adduced, the objection is dismissed.
Objection 4 questions the amount of attorneys’ fees set forth in Schedule C. On the basis of the affidavit of services filed, the fee requested is held reasonable, and the objection is dismissed.
Objection 5 contests the allowance of $1,000 to Marvin Potash & Co., for accounting services. No evidence of the nature or necessity of such services having been introduced at the hearing, consequently, the court cannot at this time determine such claim. Similarly, objection 6 relating to the repayment to one of the corporations of a loan made by the decedent during his life was not developed, and accordingly must be reserved for future disposition.
Petitioners consented to the validity of objection 7 and agreed to correct the amount accordingly.
Objections 8 and 9 relate to the alleged failure of the accountants to allocate amounts in Schedule P, including principal and interest, among the respective beneficiaries. The accountants *576 have since filed an amendment to the account Avhich purports to allocate the amounts as desired by the objectant. If this is not satisfactory, a further hearing may be necessary.
Objection 10 appears to be an objection to the value as set forth of the gross estate, Schedule H, and to the balance of corpus aAmilable for distribution. As no evidence concerning this objection Avas introduced, it is dismissed.
A hearing concerning the objections not disposed of either by alloAvance or dismissal may be obtained upon proper application. If no such application is made Avithin two weeks of this decision the objections will be deemed abandoned, and a decree may then be settled upon notice.