John D. Bennett, S.
This is a motion for summary judgment in an action commenced in the Supreme Court to compel the within estate to specifically perform the terms of an alleged written buy-sell stockholders’ agreement and subsequently transferred to this court to be tried with other issues relative to this estate.
The plaintiffs in their complaint allege that the decedent and the plaintiffs entered into a buy-sell agreement which provided that, within 30 days after the appointment of a legal representative of the estate of the first of the two sole stockholders to die, the corporation was to purchase the decedent’s shares of stock for $10,000.
The executor in his answer interposed a general denial and did not set forth any specific defenses to the relief sought. In an answering affidavit prepared by one of the attorneys representing the executor and in points presented in their brief, it was contended that the agreement is not a valid agreement because it was not signed by the corporation and, in addition thereto, if the agreement was valid, tender was not properly made. The executor also takes the position that the plaintiffs failed to prove that there was a surplus available to purchase the shares of stock in question and that the purchase price as. set forth under paragraph “ 4 ” of the agreement was the value of the insurance proceeds for “ each share of stock ” as opposed to the 50 shares owned by each stockholder. It is implied that this paragraph is ambiguous and requires construction.
The executor’s position that the corporation did not sign the agreement because only the seal of the corporation appears on the agreement and not the signatures of the necessary officers on behalf of the corporation is not well taken. It is conceded that the individual plaintiff and the decedent were the sole stock *264 holders, directors and owners of the within corporation. There is no indication that the enforcement of the within agreement would in.any way violate corporate creditors’ rights. If the agreement was signed by the sole stockholders in their individual capacity and there appears on the agreement the corporate seal, the eourt is justified in finding that the agreement is binding on the corporation and the two individual stockholders where it does not appear that corporate creditors’ rights are violated (Matter of Weinstein, 25 A D 2d 776; Business Corporation Law, §107).
In addition, if the corporation paid the premiums as set forth in the agreement, there would be no lack of mutuality of consideration because of the possibility that the corporation would not be possessed of surplus out of which to pay for the stock (Matter of Farah, 28 Misc 2d 573, affd. 18 A D 2d 1052, affd. 13 NY 2d 909).
As to the executor’s position that the plaintiffs failed to prove that surplus funds were available in order for the corporation to purchase the stock in question in accordance with the buy-sell agreement, there is no proof before the court that after the receipt of the insurance proceeds by the corporation, the payment by the corporation with these proceeds to purchase the stock in question would violate any creditors’ rights. Accordingly, the court does not find that the plaintiffs have the burden to prove that surplus funds exist for the purchase of these shares in question.
As far as tender is concerned, the plaintiffs contend that they made a timely offer to pay for the stock in question. The affidavit on behalf of the executor challenges this position on the ground that tender was not properly made. There is no issue raised as to the tender not being timely but the executor contends that it was not a proper tender because the plaintiffs attempted to offset an alleged loan made to the decedent in the amount of $10,000, less $2,000 that he allegedly repaid. If the agreement is valid and if the tender was to be $10,000, the only issue involved would be whether or not the outstanding claim of $8,000 is valid or not. The tender need not have been the exact amount called for in the contract where a portion of the amount could be offset against a valid loan (cf. Matter of San Giacomo, 14 N Y 2d 615).
In reading the entire buy-sell agreement, the court construes paragraph “ 4 ” of the agreement to provide that the decedent’s shares of stock in the corporation were to be purchased for the amount of the insurance proceeds. There is no evidence before the court or facts to oppose this position nor is there any parol *265 evidence claimed which would justify a different construction of said paragraph (Medex, Inc. v. Cisatlantic Corp., 98 N. Y. S. 2d 269).
To avert summary judgment, the executor must show by affidavit or other proof that he has a bona fide and substantial defense to the complaint and a general denial is not sufficient (Di Sabato v. Soffes, 9 A D 2d 297; Rex Bilotta Corp. v. Hamza, 22 A D 2d 757, affd. 16 N Y 2d 695; Israelson v. Rubin, 20 A D 2d 668, affd. 14 N Y 2d 887; Dodwell & Co. v. Silverman, 234 App. Div. 362; Lindenbaum v. Georgakakos, 27 Misc 2d 979; 6 Carmody-Wait 2d, New York Practice, §§ 39:29, 39:33).
The executor has failed to demonstrate that he has a genuine defense to the buy-sell agreement and accordingly the court grants the motion for summary judgment and finds that the buy-sell agreement was a valid contract executed by the decedent and the plaintiffs.
The issue concerning the alleged loan made to the decedent by the corporation will be tried with other issues relative to this estate.