Harold Baer, J.
This is a motion for summary judgment in a suit to recover for damages, due to blasting, carried on by the defendant Acme Excavating at the defendant Bose Associates building site.
The plaintiffs resided in apartments at 68 East 90th Street, New York, New York. The defendant Acme Excavating, under contract to Bose Associates, while blasting on immediately *920 adjoining premises, caused injury to the foundation of the building in which plaintiffs resided rendering it unsafe. The building was evacuated by the Department of Buildings, and the plaintiffs brought suit for damage to their personal property and the consequential damages relating to their forced relocation. The instant motion asks for summary judgment and an assessment of damages.
Under the doctrine as enunciated in Spano v. Perini Corp. (25 N Y 2d 11), a person sustaining damage caused by blasting on nearby property can maintain an action for damages without showing that the blaster was negligent. This, however, does not dispense with the requirement that there be proof as to causation (Spano v. Perini Corp., supra; 35 Estates v. Central Park Garden, 35 A D 2d 915).
The plaintiffs have submitted in support of their motion the files of the fire department relating to the incident. As part of the official hearing file there are the reports of William F. Seifried, a Deputy Assistant Chief, and a letter from John T. O’Neill, Commissioner of Buildings, to the Fire Commissioner, summarizing the findings of his department. Both departments conclude:
(1) that there was a hidden fault under the structure;
(2) that the pins which attached the shoring and bracing, designed to protect the structure, were driven into this hidden fault; and
(3) that as a consequence there was a rock slippage resulting in the collapse of one of the walls of the building. The official reports of both departments causally related the incident to the blasting operations.
The defendant in his papers submits no proofs or evidence to contradict their findings, but merely asserts that the reports are merely conclusions and not evidentiary facts. We are of the opinion that there is substantial proof to causally relate the incident to the actions of the blasting contractor. Furthermore, in opposing a motion for summary judgment it is incumbent on the defendant to assemble proof and establish by affidavits or other evidence the existence of a genuine defense (Lindenbaum v. Georgakakos, 27 Misc 2d 979) and this the defendant has failed to do.
The motion is accordingly granted, and a date for the assessment of damages will be set.