DODWELL & COMPANY, LTD., Appellant, *v.* DAVID L. SILVERMAN, Respondent.

First Department, January 15, 1932.

*Frederic R. Sanborn* of counsel [*Putney, Twombly & Hall*, attorneys] for the appellant.

No appearance for the respondent.

SHERMAN, J. Defendant accepted two drafts drawn by Denis-Freres of Indo China, which were discounted by banks for value. Upon presentation here they were dishonored. Thereafter the banks (payees) indorsed them and plaintiff became and now is the owner thereof. The larger of the two drafts covered a sale and shipment by Denis-Freres to defendant from Indo China of a large quantity of pepper, and the smaller one arose out of the purchase from the same seller of a quantity of cassia.

Upon arrival of these goods at the port of New York they were taken and used by defendant. The answer contains a general denial

and alleges counterclaims against the seller, as offsets, in an amount less than the aggregate of the drafts — which counterclaims rest upon allegations that the pepper was sold by sample to which the merchandise did not conform, and that the cassia was to have been of a thin variety, whereas when examined it was found to be of medium and thick quality. Further defenses are predicated upon an alleged delay in shipments and a shortage of weight of the cassia.

Plaintiff, having procured all the correspondence between the parties, submitted carefully prepared affidavits setting forth the facts in support of its motion under rule 113 of the Rules of Civil Practice for judgment in its favor.

This motion called upon the defendant to assemble and reveal his proofs in order to show that the matters set up in his answer were real and were capable of being established upon trial. Inasmuch as the dealings between the defendant and Denis-Freres were entirely by letters and cables, plaintiff produced all such writings bearing upon the transaction. It was then the duty of the defendant to set forth any further correspondence, if such there were, in support of the averments of the answer. This he has totally failed to do. Mere general averments will not suffice.

The moving papers show conclusively that there is no merit in defendant's claims that any of the merchandise was sold by sample or was not of the quality contracted for, or that it was not shipped pursuant to contract. The alleged loss of weight of the cassia is shown to be usual and due to evaporation. The correspondence and the undenied interviews had by plaintiff's representative with defendant demonstrate that the real reason why these drafts were not met and these defenses asserted was the decline in the market price and also the defendant's inability to meet them at maturity.

Finally, it is to be observed that plaintiff does not sue as the assignee of Denis-Freres, but its title to the drafts, as set forth in the complaint, comes from the payees therein named who were holders for value in due course. The mere repetition in an affidavit of the answer's denial of that avertment will not suffice to create an issue. Moreover, as above stated, there is no proof of a failure of consideration for the acceptances.

The order appealed from should be reversed, with ten dollars costs and disbursements to appellant, and the motion for summary judgment granted, with ten dollars costs.

Finch, P. J., Merrell, McAvoy and Martin, JJ., concur.

Order reversed, with ten dollars costs and disbursements, and motion for summary judgment granted, with ten dollars costs.