ALBA C. MAZZEI, Respondent, v. OSWALD MAZZEI, Appellant.— In an action for separation, defendant has interposed a counterclaim for annulment. He appeals from an order granting plaintiff alimony of $100 a week and a counsel fee of $7,000, without prejudice to further application to the trial court for an increase in the amount of counsel fee. Order modified by striking from the first ordering paragraph the figures " $7,000 " and " $3,500 " and by substituting in place thereof respectively the figures " $4,500 " and " $2,250 ". As so modified, order affirmed, without costs. In our opinion, the award for counsel fee in the amount of $7,000 appears to be excessive at this time. Nolan, P. J., Wenzel, MacCrate, Schmidt and Murphy, JJ., concur.

■

LUIGI MAZZELLA, Respondent, v. PITTSTON STEVEDORING CORP., Respondent, and STATES MARINE CORP., Appellant.— Action against the domestic, corporate owner of a vessel and another to recover damages for personal injuries sustained on board the ship while it was moored at a pier in this State. Defendant owner appeals from an order denying its motion under rules 113 and 114 of the Rules of Civil Practice, for summary judgment dismissing the complaint, as against it, on documentary proof that on the day plaintiff was injured the vessel was under bareboat charter to a Delaware corporation. Order reversed on the law, with $10 costs and disbursements, and motion granted, with $10 costs. The documentary evidence shows that the foreign corporation had the exclusive possession, operation and control of the vessel under a bareboat charter at the time of the accident, which cast upon it the legal responsibility of ownership in place of the actual owner. (*Muscelli* v. *Starr Contr. Co.*, 296 N. Y. 330.) No affidavit was interposed by the plaintiff showing that any inquiry had been made on his behalf to ascertain whether the charter was a public document on file with the United States Maritime Administration or that any other efforts were made to ascertain the facts. On the record herein, his bare assertion that he has no knowledge or means of acquiring knowledge of the existence of the documents is insufficient to raise a triable issue with respect thereto. (*Suslensky* v. *Metropolitan Life Ins. Co.*, 180 Misc. 624, affd. 267 App. Div. 812; *Kirschbaum* v. *Dauman*, 261 App. Div. 998; *Dodwell & Co.* v. *Silverman*, 234 App. Div. 362.) Nolan, P. J., Adel, Schmidt, Beldock and Murphy, JJ., concur.