Luigi Mazzella, Respondent, v. Pittston Stevedoring Corp. et al., Defendants, and States Marine Corporation of Delaware, Appellant.— In an action to recover damages for personal injuries, it appears that respondent· was injured on shipboard while engaged in his employment as a carpenter. The summons and complaint were served on the defendant owner of the ship and on the defendant stevedoring corporation, which was employed on the ship. The ship was in possession, operation, and control of appellant under a bareboat charter, of which respondent had knowledge shortly after commencement of the action. More than three years after his injuries, respondent moved to amend the title of the action so as to include appellant as a party defendant and for leave to serve an amended summons and complaint on appellant, on the ground that appellant was united in interest with the other two defendants, as stated in section 16 of the Civil Practice Act. The motion was heard without notice to appellant and was granted by order dated November 1, 1954. Thereafter the amended summons and amended complaint were served on appellant. Appellant moved to vacate the order of November 1, 1954, to dismiss the amended complaint, and for other relief. The motion was denied without prejudice to the right of appellant to plead the bar of the Statute of Limitations as a defense and to renew the motion to dismiss the amended complaint on that ground at the trial. An order was entered accordingly on January 20, 1955. The order of November 1, 1954, was entered prior to the decision of this court in *Mazzella* v. *Pittston Stevedoring Corp.* (284 App. Div. 984), which decided that the defendant owner is not liable to respondent for his injuries and that appellant, as charterer of the ship, is chargeable with the legal responsibilities of the owner. Appeals are from both orders. Order dated January 20, 1955, reversed on the law, with $10 costs and disbursements, and appellant's motion granted to the extent of vacating the summons heretofore served upon it and dismissing the amended complaint. The facts establish that the cause of action against appellant is barred by operation of the Statute of Limitations. (Civ. Prac. Act, § 49.) Appeal from the order dated November 1, 1954, dismissed, without costs. Wenzel, Acting P. J., Schmidt, Beldock, Murphy and Ughetta, JJ., concur.

■

Leona Pine, Appellant, v. Melvin Pine, Respondent.— Subsequent to judgment in a separation action, defendant moved to modify the provisions thereof requiring payments for the support and maintenance of the plaintiff. Plaintiff made a cross motion for various forms of relief, including an examination of the defendant, prior to the determination of defendant's motion, with respect to his earnings and assets, for a discovery and inspection of his books and records, and for an examination of defendant's " alleged present wife" with respect to the financial affairs of defendant. An order was made, referring certain issues, including those raised by defendant's motion to modify the judgment, to an official referee, to hear and determine, denying plaintiff's cross motion to examine defendant and for discovery and inspection, without prejudice to an application by plaintiff for an adjournment on the hearings before the official referee for the purpose of checking defendant's testimony, and denying plaintiff's said motion to examine defendant's wife. Plaintiff appeals from the order insofar as it denies her motion for examination and for discovery and inspection. Order, insofar as appealed from, affirmed, without costs. No opinion. Nolan, P. J., MacCrate, Schmidt, Murphy and Ughetta, JJ., concur.