Anthony M. Livoti, J.
In an action for specific performance of a contract for the sale of real property situated at Corona, Queens County, the plaintiff purchaser moves for summary judgment.
On July 11, 1960, plaintiff and defendant entered into a contract for the sale of a vacant lot 25 feet by 100 feet. The contract provided for closing of title on March 1, 1960, at which time the purchase price of $5,500 was to be paid in cash. Plaintiff was represented by counsel, who drew the contract. Defendant, a housewife, was not represented. However, her husband, who is allegedly conversant with business matters, was present as were her aunt and uncle. During this meeting plaintiff also contracted with the aunt and uncle for the sale of an identical lot contiguous to that owned by defendant. In addition, plaintiff had some three weeks prior to this date purchased two identical lots from other parties. Together all four lots constitute one empty parcel of land measuring 100 feet by 100 feet, each purchased at a cost of $5,500.
In her answer defendant sets forth the affirmative defenses of ‘ ‘ fraud in the inducement ’ ’ and ‘ ‘ overreaching, resulting in an unconscionable contract.” She alleges that plaintiff falsely and fraudulently represented that the property in question was worth no more than the sale price of $5,500 when its actual value was at least $20,000.
It is the opinion of this court that defendant has wholly failed to show any real defense to this action, i.e., that the alleged representation as to the value of the property was in fact untrue. In her opposing affidavit defendant states “ I subsequently learned that the representations of the plaintiff were false and that the land was indeed worth at least $20,000.00 because the property is located at the entrance of the proposed world’s fair grounds and baseball field. I thereupon refused to continue the deal.” No evidence of any kind is offered to substantiate this statement.
The existence of triable issues of fact is not established by repeating the allegation of the pleading. (Pribyl v. Van Loan & Co., 261 App. Div. 503.) “It is incumbent upon a defendant who opposes a motion for summary judgment to assemble, lay bare and reveal his proofs, in order to show that the matters set up in his answer are real and are capable of being estab *256 listed upon a trial. (Dodwell & Co. v. Silverman, 234 App. Div. 362.) ” (Di Sabato v. Soffes, 9 A D 2d 297, 301.)
In item 9 of the plaintiff’s demand for a bill of particulars defendant is asked to state ‘ ‘ How is the value of $20,000.00 as alleged to be the true value of the land arrived at? ” In compliance with said demand defendant states “ The value of the property is determined, among other things, by the complaint of the plaintiff.” There is, however, no allegation as to the value of the lot in the complaint. In his alternative prayer for relief plaintiff asks for $20,000. Defendant cannot prove the value of a lot at the time of contract by means of plaintiff’s prayer for monetary damages, since the prayer for relief does not form part of the pleadings. (Natale v. Great Atlantic & Pacific Tea Co., 8 A D 2d 781; Lonsdale v. Speyer, 249 App. Div. 133.)
In her opposing affidavit defendant further contends that she did not believe she had a completed contract, as she did not receive or accept any money, and to her mind there could be no completed contract unless there was money to bind it. Such contention is without merit, in view of the express provision of the contract which provides for the total purchase price to be paid at the closing of title; nor was she tricked into signing or prevented from reading the contract. The signer of an instrument expressive of a jural act “ is conclusively bound thereby. That his mind never gave assent to the terms expressed is not material. (Wigmore on Evidence, § 2415.) If the signer could read the instrument, not to have read it was gross negligence; if he could not read it, not to procure it to be read was equally negligent; in either case the writing binds him. (Chicago, St. P., M. & O. Ry. Co. v. Belliwith, 83 Fed. Rep. 437.) ” (Pimpinello v. Swift & Co., 253 N. Y. 159, 162-163). Accordingly, the motion for summary judgment for specific performance of the contract dated July 11,1960, is granted.