Harold Tesslee, J.
In this negligence action plaintiff moves for summary judgment.
Plaintiff, who is the owner of the car operated by the defendant, was a passenger and fell asleep. He awoke in the hospital. It should be noted at the outset that the court has not considered the reply affidavit submitted by the plaintiff’s attorney in the determination of this motion.
Defendant in his opposing affidavit offers no explanation whatsoever as to the cause of his crashing into the parked car. He states “ I do not have sufficient recollection to state what the circumstances of the accident were, whether I was awake or asleep at the time of the happening of the accident * * *.
I do not have information or belief to enable me to state just how or for what reason or for what cause the accident occurred.” It is safe to assume that the unoccupied parked car, into which the defendant crashed, did not contribute to the accident. Further, I find no merit in defendant’s conclusory statement that the plaintiff was contributorily negligent under the stated circumstances.
“ The purpose of summary judgment procedure is to search out the evidentiary facts and determine the existence of an issue from them.’ ’ Kramer v. Harris, 9 A D 2d 282, 283.)
In Dwan v. Massarene (199 App. Div. 872, 880) the coprt said: “ The defendant must show that he has a bona fide defense to the action, one which he may be able to establish. It must be a plausible ground of defense, something fairly arguable and of a substantial character. This he must show by affidavits or other proof. He cannot shelter himself behind general or specific denials * * *. He must show that his denial or his defense is not false and sham, but interposed in good faith and not for delay.”
*729 In Di Sabato v. Soffes (9 A D 2d 297, 300-301) the court said: ‘ ‘ the court is called upon to determine whether a bona fide issue exists. If the plaintiff’s pleadings and other papers disclose no real defense and if the defendant fails to controvert such proof and establish by affidavits or other evidence the existence of a genuine defense, the court may find that no triable issue exists and grant summary judgment # * *. The inquiry must be directed to ascertain whether the defense is genuine or unsubstantiated. * * * A defendant is not privileged on a motion for summary judgment to ignore the rule he must submit proof of a defense * * *. It is incumbent upon a defendant who opposes a motion for summary judgment to assemble, lay bare and reveal his proofs, in order to show that the matters set up in his answer are real and are capable of being established upon a trial.” (See, also, General Investment Co. v. Interborough R. T. Co., 235 N. Y. 133; Hanna v. Mitchell, 202 App. Div. 504; Dodwell & Co. v. Silverman, 234 App. Div. 362.)
Here, the defendant has made no factual showing whatsoever to support his denial of liability. In fact, he specifically states that he does not know how the accident happened or what caused it. There is nothing in the papers before me to permit a conclusion that anything resembling a genuine issue on the question of liability has been raised by the defendant and that ‘ ‘ the matters set up in his answer are real and are capable of being established upon a trial.”
Accordingly, the motion for summary judgment is granted and the matter is set down for an assessment of damages by the court or jury, as the case may be, upon the payment of the appropriate fees.