Louis B. Heller, J.
Plaintiff in this negligence action moves for summary judgment and assessment of damages as against the defendant Holonitch.
The facts alleged are as follows: That plaintiff on March 28, 1960, at about 12:20 p.m., while inside his employer’s panel truck parked in front of his employer’s place of business, and while in the process of removing meat therefrom, defendant Holonitch who had prior mechanical trouble with his motor vehicle ‘ ‘ shot through a red light striking a taxicab which in turn struck the vehicle in which plaintiff” was working, causing him to be thrown from the truck to the roadway, resulting in the injuries herein complained of.
Movant predicates his motion upon alleged admissions contained in this defendant’s examination before trial as well as the latter’s M. V. 104 report which states on the reverse side thereof as follows: ‘ ‘ Had trouble with car stalling at each light. At the 79th St. light car was in gear when I started up & it shot out & hit rear of taxi ” (Exhibit “A”).
The defendant here submits no affidavit to contradict or controvert the statements contained in the moving papers. As stated in Di Sabato v. Soffes (9 A D 2d 297) at page 301: “ It is incumbent upon a defendant who opposes a motion for summary judgment to assemble, lay bare and reveal his proofs, in order to show that the matters set up in his answer are real and are capable of being established upon a trial. (Dodwell & Co. v. Silverman, 234 App. Div. 362.) An opposing affidavit by an attorney without personal knowledge of the facts has no probative value and should be disregarded (Barnet v. Horwitz, 278 App. Div. 700; Cohen v. Pannia, 7 A D 2d 886).” Under these circumstances, therefore, the affidavit of defendant’s attorneys requesting a two-week adjournment of “the above captioned *447 matter,” which request is denied, cannot be employed solely to buttress an attempt at creating an issue where it is evident no triable issue exists.
Having considered and analyzed the submitted papers and upon this defendant’s failure to rebut the inference of negligence established by the moving papers so as to create an issue of fact, the court is of the opinion that defendant Holonitch’s admitted operation of a mechanically faulty vehicle, with prior knowledge of its defects, sufficiently establishes his negligence as a matter of law. On these facts I find there is no triable issue presented. The motion is accordingly granted.