John J. Walsh, J.
Plaintiffs, upon the pleadings and affidavits of counsel and one of the plaintiffs together with a certificate concerning the conviction of the defendant Joseph L. Nobles for a violation of the Vehicle and Traffic Law, move for summary judgment dismissing a counterclaim and granting judgment in favor of plaintiffs pursuant to rule 113 of the Buies of Civil Practice. ‘ ‘ Although the summary judgment may offer expansive future opportunity to dispose of negligence in a mass of personal injury litigation falling into a common pattern where there is not much real question of responsibility, its usefulness under the present practice is sharply circumscribed.” (Cooper v. Greyhound Bus Corp., 13 A D 2d 173.)
The contention of the plaintiffs both in the complaint and in the affidavit is to the effect that while Margaret Bake was lawfully operating a station wagon in a northerly direction along Parkway East in the City of Utica on February 16, 1962, the defendant Nobles, an employee of the Utica Transit Corporation and driving a bus in an easterly direction along Armory Drive in this city, failed to come to a full stop at the intersection of said Armory Drive and Parkway East and collided with plaintiff’s car, there being a so-called “ Stop ” sign at the intersection.
The defendants have answered; denied the material allegations of negligence; and counter-claimed for damages by reason of the alleged negligence of the plaintiff Margaret Bake.
In support of the motion for summary judgment, plaintiffs submit an affidavit of Margaret Bake which contains nothing of evidentiary value more probative than the complaint itself and a certificate of conviction of a person by the name of Joseph L. Nobles, an alleged employee of the defendant transit corporation. This certificate shows that Joseph Nobles paid a $15 fine on February 19, 1962 for a “ Stop Sign ” violation claimed to have been perpetrated on January 16, 1962. Nowhere therein is the location of the stop sign given and the reported date may well be a typographical error. In any event, a conviction for a traffic offense is merely presumptive evidence of negligence to be weighed and considered by a jury along with all of the other evidence in the case. Whether the alleged violation of law was the proximate cause of the accident is a question of fact.
Apparently no examination before trial has been had and the court does not have the benefit of such proceeding on this motion for summary judgment.
*892 In this state of the record, the court is asked to grant summary judgment merely on the pleadings and a certificate of conviction. Neither the affidavit of plaintiff’s counsel nor of defendant’s counsel has probative value in deciding this motion (see Di Sabato v. Soffes, 9 A D 2d 297).
Plaintiff relies upon the cases of Di Sabato v. Soffes (supra) and Gale v. Janco Taxi (33 Misc 2d 446) both of which are distinguishable on the facts from the present intersection case. Neither of these cases involved the operators of two vehicles ; neither involved an intersection collision presenting questions of negligence and contributory negligence. In the Di Sabato case (supra), an automobile mounted a curb and ran into a building injuring two occupants of the building. In the Gale case (supra), the plaintiff was injured while unloading a parked truck. In neither case was there a question of contributory negligence presented. ‘ ‘ What adds both to the intrinsic procedural difficulty of summary judgment and to some of the confusion in dealing with the device in negligence actions is that, even where there is no dispute about how an accident occurred, the presence or absence of negligence often remains a question of fact which requires a trial under traditional principles of the law of negligence.” (Cooper v. Greyhound Bus Corp., 13 A D 2d 173, 174, supra.)
The pleadings present a question of fact which precludes granting this motion. The weight of decisional law is adverse to granting of the motion. (Sanzo v. Toklas, 10 A D 2d 931 [1st Dept.]; Mandell v. Field, 11 A D 2d 1074 [2d Dept.]; Thum v. Zraick, 12 A D 2d 772 [2d Dept.]; McLaughlin v. Martin, 12 A D 2d 789 [2d Dept.]; Geler v. Weitzman, 12 A D 2d 947 [2d Dept.]; Cooper v. Greyhound Bus Corp., 13 A D 2d 173 [3d Dept.], supra.)
Motion for summary judgment denied, with $10 costs to abide the event.