Nathaniel T. Herman, J.
The action herein is for damages resulting from the breach of an alleged agency agreement under which the defendant was to acquire on behalf of the plaintiff 800 shares of stock — in a company of which defendant was president — at $7.50 per share. The stock, which was neither acquired nor delivered, subsequently increased in price to $46.75 per share thereby damaging the plaintiff in the amount *986 of $31,400. The defendant denies ever entering into any agreement with the plaintiff, and moves for summary judgment on the grounds (1) that the alleged agreement is unenforcible under the Statute of Frauds and (2) that the alleged agreement was made prior to the effective date of the registration of the stock, thereby rendering it unenforcible as contrary to the provisions of the Securities Act of 1933 (TJ. S. Code, tit. 15, § 77a et seq.).
There is no dispute that if the alleged agreement was for the sale of .the stock, it would be barred by Statute of Frauds. However, it is plaintiff’s contention that the defendant was engaged as an agent with authority to acquire the stock when issued and therefore the defense of the Statute of Frauds will not lie. The Appellate Division having held on a prior application to dismiss the complaint that a factual issue exists as to whether the agreement was for the sale of stock, or for the creation of an agency to acquire stock, summary judgment is precluded on that issue. The sole issue, therefore, is whether such an agency agreement would be unenforcible under the Securities Act of 1933.
Subdivision (c) of section 5 of the Securities Act of 1933 (U. S. Code, tit. 15, § 77e, subd. [c]) renders it unlawful to sell or to contract for the sale of securities in advance of an order of the commission declaring effective the registration statement covering the securities. It is clear, however, from ■ the language of the section as well as from opinions rendered by the general counsel of the Securities Exchange Commission and the Reports of the House of Representatives, that offers to sell may be made. Similarly, designations of agents for the future acquisition of shares of stock do not fall within the prohibitions of the statute (Release No. 70, 11 F. R. 10948). “ In substance, section 5, as amended by this bill, permits the making of offers but not sales, contracts of sale or contracts to sell prior to the effective date. Issuers, underwriters, and dealers should find no difficulty in regulating their conduct during the waiting period so as not to make ‘ sales ’ before the registration statement becomes effective. This may be done by conditioning offers, limiting activity to solicitation of offers to buy, or by other means that keep the transaction short of a ‘ sale. ’ ” (2 IT. S. Code Cong. & Administrative News, pp. 2973, 2996 [1954].)
Plaintiff’s bill of particulars, alleges that “ defendant was authorized as his agent and representative to purchase 800 shares of the stock of Paddington Corporation at the time such shares were offered for sale by the underwriters to the public. ” Such an agreement did not require defendant to extend *987 his activities beyond the “solicitation of offers to buy, or by any other means that keep the transaction short of a 1 sale ’ ” (H. R. Rep. No. 1542).
If plaintiff can establish within the scope of the prior determination of the Appellate Division, that the sole purpose of the agreement was to appoint, defendant as plaintiff’s agent to acquire on his behalf the shares set forth in the agreement, then the Securities Act of 1933 as amended would not be applicable to the transaction.
The remaining factual issues raised by defendant concerning the claimed admissions of the plaintiff in correspondence between the parties which allegedly alter the nature of the executory contract of July 23,1959, are matters which cannot be determined on affidavits. Essentially, the factual question remains “was this an agency contract or a contract of sale. ’ ’ Since the writings themselves do not conclusively establish the intent of the parties in this regard, only a trial can determine that question. Accordingly, the motion for summary judgment will be denied.