■ Harry Stackell, Respondent, v. Charles Guttman, Appellant.— Order, entered on January 2, 1964, denying defendant's motion for summary judgment, unanimously reversed, on the law, with $30 costs and disbursements to appellant, and the motion for summary judgment in favor of defendant granted, with $10 costs. The prior appeal in this court (18 A D 2d 1140) involved narrower questions based on the pleadings and bill of particulars alone, and does not preclude the present determination on affidavits on the

motion for summary judgment. The alleged agreement for the purchase of 800 shares of stock is unenforcible under the Statute of Frauds (Personal Property Law, § 85), there being no performance or memorandum signed by defendant. The agreement cannot be characterized as an agency arrangement under which defendant was to act as plaintiff's agent for the purchase of the shares, since by letter of July 21, 1959 to defendant, plaintiff explicitly offered to subscribe for the 800 shares and to forward to defendant checks in payment therefor. This letter, plaintiff's further letter of August 24, 1959 characterizing the agreement as one of sale rather than agency, and defendant's affidavit denying the existence of any agreement were neither explained nor rebutted by the conclusory statements in plaintiff's affidavit (CPLR 3212, subd. [b]; O'Meara Co. v. National Park Bank, 239 N. Y. 386, 395; Dodwell & Co. v. Silverman, 234 App. Div. 362, 363). Under the circumstances, it is not necessary to reach the more difficult question of the alleged illegality of the transaction under Federal law. Concur — Breitel, J. P., Valente, McNally, Stevens and Bastow, JJ. [43 Misc 2d 985.] ·