NICHOLAS N. BULGER et al., Respondents, v. COLONIAL HOUSE OF FLUSHING, INC., Appellant.— In this action to recover the face amount of a promissory note, made by defendant, defendant appeals from an order granting plaintiffs' motion for summary judgment and from the judgment entered on said order. Order and judgment affirmed, with $10 costs and disbursements. The note was given as part of the purchase price for the sale by plaintiffs of all the outstanding capital stock of the defendant to two individuals. Since all the stockholders participated in the transaction, and approved it, and since it does not appear that harm resulted to the public or to creditors of the defendant, the defense of *ultra vires* is not available. (*Kent* v. *Quicksilver Mining Co.*, 78 N. Y. 159, 185–186; *Skinner* v. *Smith*, 134 N. Y. 240; *Clark* v. *Dodge*, 269 N. Y. 410, 415; *Manson* v. *Curtis*, 223 N. Y. 313, 325; 7 Fletcher's Cyclopedia Corporations [Perm. ed.], § 3432.) *Republican Art Printery* v. *David* (173 App. Div. 726) is not to the contrary, for there was a lack of proper corporate authority for the issuance of the note. There was sufficient consideration, since plaintiffs gave up their shares of stock. There is no suggestion in the record that defendant did not, at the time of the issuance of the note, or since then, have a surplus out of which the note could be paid; but even if lack of such surplus were shown, such fact could not defeat plaintiffs' right to recover since it has not been shown that the rights of creditors would be affected. (*Topken, Loring & Schwartz, Inc.*, v. *Schwartz*, 249 N. Y. 206.) Adel, Acting P. J., Wenzel, MacCrate and Schmidt, JJ., concur; Beldock, J.,

dissents, votes to reverse the order and judgment and to deny the motion, with the following memorandum: There is nothing in the moving affidavits to show that there was any consideration moving to defendant, a corporation, for the note in suit. The contract recites a sale of plaintiffs' stock and the good will of the business to two individuals for $36,000. Defendant, which made the $18,000 note given as part of the purchase price (on which note the action is brought), was not the vendee. The fact that plaintiffs suffered a detriment by giving up their stock in exchange for the note (in part) is not sufficient. The determining factor is that there was no consideration moving to the corporation. (*Republican Art Printery* v. *David*, 173 App. Div. 726, 727–728.) With respect to the defense of *ultra vires*, the burden of showing that there are no creditors involved is not on defendant, but on plaintiffs. There is no such showing in the moving affidavits. Plaintiffs were not required to show that defendant had a surplus. This is not a case of a corporation purchasing its own stock. The stock formerly owned by plaintiffs was never retired as treasury stock. The agreement of sale recites that the stock was sold to two individuals, and not to the corporation. The stock has since been resold by the individual purchasers to other individuals.