Walter R. Hart, J.
The action herein is brought to recover on various promissory notes (not alleged to have been in negotiable form). In support of the motion for summary judgment one of the plaintiffs alleges that the notes were given in payment of various quantities of furniture manufactured by the plaintiffs according to samples submitted by defendant and delivered by plaintiffs to defendant. As opposition to the motion for summary judgment defendant in his answering affidavit refers to his answer, and describes same as follows:
“ 5. That for a first affirmative defense, defendant alleges that the notes were cancelled by the defendant and meter green-berg, one of the plaintiffs herein, on or about June 11th, 1958, at the office of the defendant at 505 Madison Avenue, New York City, New York, and that for a second affirmative defense, the defendant alleges that the articles for which the notes were payment were defective and although the plaintiff was notified of the defects, has refused to make the necessary repairs.
“ 6. That for a counterclaim the defendant has re-alleged the paragraphs of the two (2) affirmative defenses and now alleges that the articles manufactured by the plaintiff were delivered on order to Petrie Stores Corporation, and that thereafter, the defendant was notified by said corporation that the articles were not satisfactory in that the work performed by the plaintiff was defective; that plaintiff was notified of the defects and stated to the defendant that repairs would be made by them; that the plaintiff has failed to do so, and the defendant has been notified by the said corporation that they would hold certain money payable to defendant subject to the repairs being made, and that they would not order further articles through the defendant; and that the defendant has been damaged thereby in the amount of $10,000.00.”
It will be observed that no evidentiary facts of any nature are submitted by defendant in opposition to this motion.
To defeat summary judgment a defendant must “ assemble and reveal his proofs in order to show that the matters set up *48 in his answer [are] real and * * * capable of being established upon trial ” (Dodwell & Co. Ltd. v. Silverman, 234 App. Div. 362, 363). Mere generalities will not suffice. “ An evidentiary showing # * * is indispensable ’ ’. (Anderson v. City of New York, 258 App. Div. 588, 591; see, also, O’Meara Co. v. National Park Bank, 239 N. Y. 386.) The existence of triable issues of fact is not established merely by repeating the allegations of the pleadings. (Pribyl v. Van Loan & Co., 261 App. Div. 503; Norton v. Clark & Son, 144 1ST. Y. S. 2d 245.) A party to defeat summary judgment must marshal and submit his evidentiary facts to enable the court to appraise the factual situation so as to determine whether a triable issue is present.
An examination of defendant’s counterclaim as set forth in the answer itself discloses an inkling of defendant’s contention. It alleges that the articles were not satisfactory in that ‘ ‘ the formica tops were peeling off.” Whether this defect was related to all of the merchandise and whether this defect is sufficient to defeat plaintiff’s motion for summary judgment are matters which should be developed with evidentiary details by defendant in his affidavit together with factual, evidentiary details relating to the affirmative defense of cancellation. Since it is possible that defendant, if afforded the opportunity, may cure the defects presently existing in his affidavit, the court in the interests of justice will permit the defendant to file further and proper affidavits factually supporting his defenses. (Franklin Washington Trust Co. v. McCloskey, 283 App. Div. 778.)
Accordingly, the final disposition of this motion will be held in abeyance pending the submission by defendant of a supplemental affidavit within 10 days after the publication of this memorandum in the New York Law Journal.