Paul J. Widlitz, J.
Motion by the plaintiffs for summary judgment in an action to recover on a series of 24 promissory notes.
Motion granted. The papers submitted reveal no issues of fact requiring a trial.
Briefly stated, it appears that the individual defendants controlled two corporations, Sil-Gold Corp. and Siltan Corp.; that on or about September 23, 1958 Siltan made three promissory notes totaling $6,000, and, on or about June 16, 1958, Sil-Gold made three promissory notes totaling $6,000, all payable to the order of Island Factors Co., a name under which the plaintiffs’ decedent, Benjamin Rubin, did business; that the notes made by Sil-Gold were due on October 19, 1958, November 10, 1958, and December 10, 1958 respectively; that the notes made by Siltan were payable on December 23, 1958, January 23, 1959, and February 23, 1959 respectively; that Benjamin Rubin died on or about October 12, 1958; that on or about October 24, 1958 Sil-Gold made, executed, and delivered 24 promissory notes to the order of Island Factors Co. to replace and extend the time for payment of the notes theretofore made by Siltan and SilGold; that the first note of the series fell due on January 10, 1959, was presented, protested, and notice of default in payment thereof given to the defendants; that each of the notes was indorsed by the individual defendants; that in acordance with the terms of the notes, they were declared due, together with interest from October 24, 1958 and attorney’s fees of 15% ; that $275 was received after January 10, 1959 (on March 4, 1959, $50; on May 12, 1959, $50; on June 25, 1959, $75; on September 3,1959, $50; and March 25,1960, $50); that $11,725 principal *1065 with interest at 6% is due from October 24, 1958 to January 12, 1959, together with 15% counsel fees on the amount due.
The defendants pleaded four defenses in addition to a general denial, but aside from conclusory statements such as “ said corporations did not owe decedent $12,000 at the time of his death, or any other amount ’ ’ (page 2, affidavit of Harry Silver-man) their opposition is based on a contention (1) that the notes executed by Sil-Gold for an indebtedness of Siltan were ultra vires under section 19 of the Stock Corporation Law, and (2) that the notes were incomplete when delivered.
Although the fact that the ultra vires defense was not pleaded would not prevent its use in opposition to a motion for summary judgment-‘ ‘ the decisive consideration is the existence of conflicting issues of fact rather than the sufficiency of the pleadings considered without the supporting affidavits ” (Werfel v. Zivnostenska Banka, 287 N. Y. 91, 93)-facts to show the propriety of its use are not revealed in the defendants’ papers. Here, the plaintiffs extended the time for payment of the earlier notes, the defendants received the benefit of such extension, and there is nothing to show that any stockholder of Sil-Gold was opposed to or unaware of the notes executed by it on October 24,1958. As stated in Bulger v. Colonial House of Flushing (281 App. Div. 847):
‘ ‘ Since all the stockholders participated in the transaction, and approved it, and since it does not appear that harm resulted to the public or to creditors of the defendant, the defense of ultra vires is not available.
“ To defeat summary judgment a defendant must ‘ assemble and reveal his proofs in order to show that the matters set up in his answer [are] real and * * * capable of being established upon trial ’ (Dodwell & Co. Ltd. v. Silverman, 234 App. Div. 362, 363). Mere generalities will not suffice. ‘An evidentiary showing * * * is indispensable. ’ * * ° The existence of triable issues of fact is not established merely by repeating the allegations of the pleadings.” (Greenberg v. Ughetto, 17 Misc 2d 46, 47-48; see, also, Kramer v. Harris, 9 A D 2d 282.)
On the other hand, it is not contradicted that prior to his death Benjamin Rubin, on June 16, 1958, made a check to one Sol Glauberman for $5,000 in payment of indebtedness of SilGold to Sol Glauberman (for which Sil-Gold executed notes totaling $6,000), and other checks for $5,000 to Siltan and for $500 to Harry Silverman on September 23, 1958 (which were cashed by the defendant) for which Siltan executed notes totaling $6,000.
*1066 Clearly there was an indebtedness at the time of Benjamin Rubin’s death and the extension of time for payment of said indebtedness was ample consideration for the notes executed by Sil-Gold and indorsed by the individual defendants. The affidavit of Leo Rubin as to the circumstances under which the notes were executed and the completeness of those notes at the time they were signed on October 24, 1958 has not been contradicted. It would be manifestly unfair to delay the entry of judgment for the amount due.