■ JACK PAUL, Respondent, v. HAROLD WEISS, Appellant.— *Per Curiam.* Appeal from so much of an order as awarded summary judgment to plaintiff for $9,433, with interest and costs. The legal and factual issues are well outlined and were correctly decided in the comprehensive opinion of Mr. Justice PENNOCK at Special Term (48 Misc 2d 683). Order affirmed, with $20 costs. Gibson, P. J., Herlihy, Taylor, Aulisi and Hamm, JJ., concur.

■ BERTHA VAVRINA, as Administratrix of the Estate of GEORGE VAVRINA, Deceased, Respondent, v. STANLEY SMITH et al., Appellants, et al., Defendants.— HERLIHY, J. Defendant appeals from an order denying summary judgment in a negligence case upon the grounds that the plaintiff's remedy is pursuant to the Workmen's Compensation Law. It may be that upon a plenary trial the facts will establish that the provisions of the Workmen's Compensation Law are controlling and the sole remedy. We are unable on this present record to so find as a matter of law. There remains open, besides the queries mentioned by the Special Term, such questions as what the decedent was doing on the premises in Brooklyn at the time of his death; whether he had temporarily abandoned his employment at that time and whether he was engaged in some work of his own, or possibly for one of the defendant trucking companies. Special Term found that on the present facts there was no basis for an independent contractor relationship. This does not foreclose a further development of such relationship on the trial if such evidence is forthcoming. The defendant driver Stanley Smith might have resolved the problem but on this motion there is no affidavit or other evidence by him. Order affirmed, with $25 costs. Gibson, P. J., Taylor, Aulisi and Hamm, JJ., concur.

■ MARIE PARO, Respondent, v. MARSHALL WEEKS, Appellant.— MEMO-RANDUM BY THE COURT. Although admitting acts of intercourse with complainant, appellant denied that any occurred during the period when conception took place. The testimony of the complainant and the corroborative evidence adduced from her witnesses conflicted sharply with the testimony of appellant and his alibi witnesses. In these circumstances we must attach especial weight to the trial court's superior opportunity to evaluate the credibility of the evidence and we find no compelling reason to disturb its conclusions. Order of filiation affirmed, without costs. Gibson, P. J., Herlihy, Reynolds, Taylor and Aulisi, JJ., concur.