Michael Catalano, J.
Plaintiff seeks summary judgment for $5,000, with interest, pursuant to CPLR 3213 in lieu of complaint. Plaintiff served a notice of motion, summons, affidavit, separation agreement, and modification thereof, and will of Jeannette A. Cornblum.
Plaintiff’s affidavit states that the parties were married December 18, 1949 and they executed a separation agreement February 3, 1967, which provided that it would not be changed by their divorce. February 17, 1969, this agreement was modified whereby defendant agreed to pay plaintiff one half of the income from the “ Kleenite ” trust created for defendant’s benefit by the will of Jeannette A. Cornblum, but not more than $20,000 each year. In the year 1969, defendant paid plaintiff *162 $15,000 although he received over $40,000 from said trust in ithat year, whereby he owes plaintiff $5,000. All of which the court finds to be true.
Defendant’s lawyer’s affidavit states that: “There will be issues of fact ” but does not define them upon knowledge. Defendant stands mute. No other paper is submitted by defendant.
CPLR 3213 provides, in part: ‘ ‘ When an action is based upon an instrument for the payment of money only or upon any judgment, the plaintiff may serve with the summons a notice of motion for summary judgment and the supporting papers in lieu of a complaint.” (Amd. by L. 1969, ch. 210, elf. Sept. 1, 1969.) “ It is intended to provide a speedy and effective means of securing a judgment on claims presumptively meritorious.” (First Preliminary Report of Advisory Committee on Practice and Procedure, Feb. 1,1957, p. 91.)
Here, plaintiff’s claim is presumptively meritorious.
“ An instrument for the payment of money only ” has been held to include a negotiable instrument (Seaman-Andwall Corp. v. Wright Mach. Corp., 31 A D 2d 136; S. W. Acceptance Corp. v. Richmond, 46 Misc 2d 447); a loan receipt (Baker v. Gundermann, 52 Misc 2d 639; Sherry Ice Cream Co. v. Kroggel, 42 Misc 2d 21); an unconditional guarantee (Rhodia Inc. v. Steel, 32 A D 2d 753); a contract for snow removal (Nasti Sand Co. v. Almar Landscaping Corp., 57 Misc 2d 550), but it has been held not to include a bailment (Baker v. Gundermann, 52 Misc 2d 639, supra); a chattel mortgage (All-O-Matic Mfg. Corp. v. Shields, 59 Misc 2d 199); a contract to purchase a house (Guele v. Scaiano, 56 Misc 2d 1040); a separation agreement (Orenstein v. Orenstein, 59 Misc 2d 565, revg. 58 Misc 2d 377).
The last-mentioned case has been criticized by the eminent authority upon the CPLR, David D. Siegel who has said: ‘ ‘ The view of this Commentary, that the money clause in the separation agreement can be separately regarded and sustained for CPLR 3213 use, is predicated on (it is submitted) the policy motivation to afford the beneficiaries of the separation agreement entry into the courts at least as expeditiously as we admit the commercial cause. ’ ’ (McKinney’s Cons. Laws of N. Y., Book 7B, CPLR 3201 to 3400, p. 832.)
The Appellate Term, Second Department’s ruling is not binding upon this court and until the Fourth Department of Appellate Division, or the Court of Appeals holds otherwise, Professor Siegel’s commentary .should be and is adopted as the better view.
*163 When, as here, plaintiff establishes a right to relief under CPLR 3213, defendant has the duty to come forward with logically probative evidence .sufficient to raise an issue of fact to be tried in the usual course. (Seaman-Andwall Corp. v. Wright Mach. Corp., 31 A D 2d 136, supra.) A perfunctory affidavit of defendant’s attorney, who is without knowledge of the facts that are reasonably in defendant’s knowledge, is insufficient. (Seaman-Andwall Corp., supra; Sherry Ice Cream Co. v. Kroggel, 42 Misc 2d 21, supra.)
Plaintiff is entitled to judgment for $5,000, with interest from January 1, 1970.
Motion granted, without motion costs.