John C. Marbach, J.
This is a motion for summary judgment1 pursuant to CPLR 3213 on the grounds that a labor and material bond executed by defendant as surety is an instrument for the payment of money only within the scope of CPLR 3213. There is a cross motion by defendant to dismiss the action as prematurely brought on the grounds that plaintiff has failed to *789 comply with subdivision 3 of section 137 of the State Finance Law which, in defendant’s view, as a condition precedent to suit, requires a showing of nonpayment of plaintiff’s claim for a period of 90 days after the date of the last delivery of material, which was on May 25, 1970.
The relevant sections of the surety instrument are as follows:
“ NOW, THEREFORE, THE CONDITION OF THIS OBLIGATION IS SUCH that if the said Principal shall promptly pay all moneys due to all persons furnishing labor or materials to him or his subcontractors in the prosecution of the work provided for in said contract, then this obligation shall be void, otherwise to remain in full force and effect;
‘1 Provided, however, that the Comptroller of the State of New York having required the said Principal to furnish this bond in order to comply with the provisions of Section 137 of the State Finance Law, all rights and remedies on this bond shall inure solely to such persons and shall be determined in accordance with the provisions, conditions and limitations of said Section to the same extent as if they were copied at length herein.”
Plaintiff contends that there is now due and owing the sum of $50,966.29 arising from the delivery of gravel to the job site.
The principal concedes that he owes plaintiff the sum of $37,974.37 and has offered payment, which was refused. Principal refuses, however, to pay any amount in excess of the $37,974.37 figure.
Accelerated summary judgment proceeding as provided for in CPLR 3213 is a rapidly evolving area of practice which has been the subject of much recent case law (see Wagner v. Cornblum, 62 Misc 2d 161). Wagner traces the cases in which the courts of our State have interpreted the phrase “ instrument for the payment of money only ”. The question of whether a surety instrument in the form of a labor and materialman payment bond is an instrument for the payment of money only has not yet been the subject of reported litigation.
This court finds that a labor and material payment bond is not an instrument for the payment of money only. In so finding, the court bases its decision upon the terms of the instrument itself, the fundamental principles of the suretyship relation, the purposes of the statute and the facts of this case.
The bond, by its express provisions, incorporates by reference section 137 of the State Finance Law with all of its conditions, provisions and limitations. Therefore, on its face, the instrument refers to a State statute and is conditional upon full compliance with all of its provisions. Section 137 was amended in *790 1964 and is patterned, in part, on the Miller Act (IT. S. Code, tit. 40, § 270b) governing payment bonds for Federal public improvement projects. Prior to the 1964 amendment, the filing of a mechanic’s lien was a condition precedent to secure the benefit of section 137 (Triple Cities Constr. Co. v. Dan-Bar Constr. Co., 285 App. Div. 299, affd. 309 N. Y. 665). This procedure is no longer necessary. However, while a direct action may be maintained against the surety, the fundamental creditor-principal-surety relationship is not altered.
The surety is guaranteeing the obligation of the principal to make prompt payment. If there were no statutory right of direct action against the surety, the creditor would first have to foreclose the lien and, if unable to recover, would have to proceed to recover over against the surety. While this creates a direct right of action on the payment bond, the surety’s obligation is still that of a guarantor to answer for the principal’s default, but this obligation only arises when the principal breaches the terms of its contract with the creditor. Therefore, the surety’s obligation is not a direct one for performance by its own act but is collateral to the obligation assumed by the principal and is equitably secondary to that of the principal despite the fact that, as far as the creditor is concerned, it is a primary obligation.
The purpose of section 137 is to facilitate payment for labor and materials furnished for a public improvement (Chittenden Lbr. Co. v. Silberblatt & Lasker, 288 N. Y. 396). It conceivably could occur that the penal amount of the bond would be insufficient to protect all labor and material claims, in which case plaintiff would have its claim prorated along with that of all the other claimants after an exoneration proceeding. There is no proof of this situation in this case, but this is one more reason why the surety agreement is not an instrument for the payment of money only.
Therefore, in the opinion of this court, CPLR 3213 is not intended to apply to a principal-surety relationship since the surety bond is not an instrument for the payment of money only as this phrase has been construed in such cases as Rhodia, Inc. v. Steel (32 A D 2d 753) (an unconditional guarantee of payment) or Seaman-Andwell Corp. v. Wright Mach. Corp. (31 A D 2d 136) (a negotiable instrument).
In the case at bar, since the court finds that this surety bond is not an instrument for the payment of money only, partial summary judgment cannot be granted in this proceeding. The principal concedes liability in the amount of $37,974.37 but disputes any sum over that amount. Even if the court were to *791 find it was an instrument for payment of money only, the opposing papers raise a triable issue of fact on an amount over the conceded liability (Wagner v. Cornblum, supra). If plaintiff now elects to proceed under CPLB, 3212, partial summary judgment would appear to be warranted.
The cross motion is now academic under the facts of this case since more than 90 days have elapsed, but the court notes that, in its opinion, an action may be brought within the 90-day period. This is consistent with the purposes of this statute (Chittenden Lbr. Co. v. Silberblatt & Lasker, supra); and with Federal cases interpreting the Miller Act provisions upon which our State statute is based (see Fleisher Co. v. United States, 311 U. S. 15 [1940]).
Motion for summary judgment pursuant to CPLB 3213 denied. Cross motion denied.