John T. Casey, J.
The plaintiff, A. Alport & Son, Inc., has moved this court pursuant to CPLR 3213 for an order granting it summary judgment against the defendants, Hotel Evans, Inc. and Morton Cherlin.
The plaintiff and defendant corporation, Hotel Evans, Inc., entered into an agreement whereby the plaintiff would supply certain plumbing fixtures and materials for the alteration and construction of approximately 12 rooms at Hotel Evans, Inc. The defendant corporation agreed, as part of the payment schedule for such items, to execute and deliver certain promissory notes. Furthermore, the individual defendant, Morton Cherlin, the president of Hotel Evans, Inc. agreed to and did personally indorse the notes. For a considerable period of time plaintiff supplied and the defendant corporation accepted the fixtures and materials. The notes, however, were returned to plaintiff upon the ground that the defendant corporation lacked sufficient funds. The plaintiff now seeks judgment for the amount of the notes with interest, costs and attorneys’ fees.
In opposition to the motion, the defendants have set forth several claims: (1) the merchandise delivered was defective in that some of the fixtures were of improper color and that some of the fittings were of improper size; (2) in light of the defective condition of the merchandise the plaintiff agreed to make an adjustment in price, and further agreed to refrain from negotiating the notes until such an agreement had been made; (3) the defendant corporation was compelled to expend a substantial amount of money to remedy such defects and will enter a counterclaim in this action for an amount in excess of the relief sought by plaintiff; (4) the promissory notes are defective and, therefore, a motion under CPLR 3213 is improper.
The defendants make two claims concerning the form of the instruments. They claim one note (the note for $1,600) contained an indefinite interest rate, and therefore, was not a negotiable instrument. The note contained the notation ‘ ‘ with interest at hank rates ’ ’.
*376 The requirements for a negotiable instrument are set forth in section 3-104 of the Uniform Commercial Code, which provides in pertinent part: 1 ‘ Any writing to be a negotiable ■instrument within this Article must * * * (b) contain an unconditional promise or order to pay a sum certain in money ’ An instrument which recites “ interest is payable at the current rate ” fails to contain a promise to pay a sum certain. (Uniform Commercial Code, § 3-106, Official Comment; cf. Woodhouse, Drake & Carey v. Anderson, 61 Misc 2d 951, 952.) A nonnegotiable instrument, however, may qualify as an “ instrument for the payment of money only” under CPLR 3213. (Louis Sherry Ice Cream Co. v. Kroggel, 42 Misc 2d 21.) An instrument satisfied the requirements of that section if it constitutes a clear, unequivocal, unconditional promise for the payment of money only. (Instituto Per Lo Sviluppo Economico Dell’Italia Meridionale v. Sperti Prods., 47 F. R. D. 310.)[1]
In the instant case the promise to pay is clear and unequivocal and the only facts which must be established outside the instrument is the amount of the bank interest rate at the time of the note. The need to establish such a fact does not compel the conclusion that the instrument fails to fall within CPLR 3213. (See Seaman-Andwall Corp. v. Wright Mach. Corp., 31 A D 2d 136; Koegel v. Birnbaum, 27 A D 2d 653, affd. 19 N Y 2d 896; Wagner v. Cornblum, 62 Misc 2d 161; Paul v. Weiss, 48 Misc 2d 683; cf. New York Conference Assn. of Seventh Day Adventists v. 915 James St. Assoc., 63 Misc 2d 38; but see Mike Nasti Sand Co. v. Almar Landscaping Corp., 34 A D 2d 554; Orenstein v. Orenstein, 59 Mise 2d 565.) Accordingly, although the defendants are correct in claiming that the note is not a negotiable instrument, the instrument qualifies as an instrument for the payment of money only, and, therefore, is a proper predicate for a motion under CPLR 3213.
As to the note for $900, the defendants maintain it “ shows an alteration in the interest rate without any initialing thereon by the maker ”. The note is a form upon which the pertinent information has been typewritten. On the portion of the note concerning interest, the words “ bank rates ” have been typewritten and underneath those words the number “ 8% ” has been handwritten. The note, as did the other note, also contains other handwritten numbers which presumably were placed thereon by the bank when it computed the interest due. Furthermore, the second note was executed approximately one month *377 after the first and it is improbable that plaintiff would have written “bank rates” on one note and “bank rates” and later have handwritten “ 8% ” on the other. Finally, the plaintiff is in a position to state what it did concerning this issue and it has failed to come forward with any explanation. I assume, therefore, that the handwritten ‘ ‘ 8% ’ ’ was added to the note by the bank. Thus the instrument originally called for interest at 1 ‘ bank rates ’ \ Consequently, for the reasons already set forth the instrument is not a negotiable instrument. This being so, I need not consider whether the instrument was altered. This instrument, like the other instrument, however, is sufficient for a motion under CPLR 3213.
Since the instruments fail to qualify as negotiable instru- . ments, the sections of the Uniform Commercial Code concerning the liability of an indorser can be applied, if at all, by analogy only. At the time the individual defendant signed the instruments he concededly intended to accept the status of an accommodation indorser. Accordingly, I will treat him as such. Similarly, at the time he executed the instruments by his own admission he assumed the liability of an accommodation indorser. This being so, he engaged that upon dishonor and any necessary notice of dishonor and' protest he would pay the instrument according to its tenor at the time of his indorsement to the holder (Uniform Commercial Code, § 3-415, subd. [1] ; § 3-414, subd. [1].) Furthermore, in the instant case, since a waiver of presentment or notice or protest was embodied in the instruments themselves it became binding upon him as a party to the instruments. (Uniform Commercial Code, § 3-511, subd. [6].) Thus, the intent of the individual defendant at the time he signed the instruments was to pay the instruments to the plaintiff regardless of whether he instituted an action against the maker.
Inasmuch as the papers presented establish a right to relief, the defendants have the duty to come forward with logically probative evidence to raise an issue of fact. (Indig v. Finkelstein, 23 N Y 2d 728; Wagner v. Cornblum, 62 Misc 2d 161, supra.) The papers submitted by the defendants do little more than make a conclusory allegation concerning defective merchandise. The affidavits not only fail to identify the items which were defective, but fail to offer any documentary proof of any defects or of any wrong colors. The affidavits also fail to account for the reason why the allegedly defective materials were installed in the rooms. This is especially significant because the plaintiff has submitted an affidavit of the independent contractor who installed the plumbing fixtures wherein *378 he states that the materials furnished were neither defective nor the wrong color. The defendant has not submitted the proof necessary to raise a triable material issue of fact. (Greenberg v. Ughetto, 17 Misc 2d 46.)
Assuming the counterclaim which arises out of the same transaction as that which founds the plaintiff’s claim can be raised as a defense to a motion under CPLR 3213 (McKinney’s Cons. Laws of N. Y., Book 7B, CPLR, Practice Commentary 03213:17), the mere assertion of a counterclaim does not bar summary judgment for a plaintiff. (M & S Mercury Air Conditioning Corp. v. Rodolitz, 24 A D 2d 873.) The defendant must assemble and reveal proof in support of the counterclaim. (Ibid; Gallagher Switchboard Corp. v. Heckler Elec. Co., 34 Misc 2d 256.) The defendant corporation has failed to satisfactorily establish the merits of its counterclaim predicated upon the delivery of defective goods.
With regard to the payment of the cost of protest and attorneys’ fees, the instrument calling for the payment in the amount of $1,600 did not contain a provision for the payment of such costs or attorneys’ fees and, therefore, those items may not be awarded to the plaintiff in this proceeding. (Paul v. Weiss, 48 Misc 2d 683, supra.)
The instrument calling for payment of $900 contains the following provision on its face: “ If this note is not paid in full when due, the maker, makers, endorsers agree to pay all costs of collection including attorneys’ fees in the amount of 20% of the unpaid balance of principal and interest.”
In the instant case, there is no dispute concerning whether the attorneys’ fees are reasonable. Furthermore, when the principal sum is $900 the attorneys’ fees in the amount of 20% do not present a factual issue. (See General Lbr. Corp. v. Landa, 13 A D 2d 804; cf. Franklin Nat. Bank v. Wall St. Commercial Corp., 21 A D 2d 878.)
In light of the above, with regard to the $1,600 instrument, summary judgment is granted in the amount of $1,600 with interest at the rate of 8%% from April 1, 1970. The portion of the motion for costs and attorneys’ fees is denied without prejudice to a renewal thereof in an appropriate manner.
With regard to the ihstrument calling for the payment of $900 summary judgment is granted in the amount of $900, plus interest at the rate of 8%% from March 1, 1970, plus the costs of protest, plus attorneys’ fees in the amount of 20% of the unpaid balance of principal and interest as of the date of this order.

. I am well aware that some of the New York State court authorities cited in the opinion were reversed by the appellate courts. Inasmuch as the decision did not rest solely on those cases it remains valid authority.