Burton S. Sherman, J.
The question to be determined on this motion for summary judgment in lieu of a complaint (CPLR 3213) is whether an action on an undertaking to secure a warrant of attachment, subsequently vacated, is based upon an instrument for the payment of money only.
The defendant surety company contends that plaintiff cannot proceed without service of a summons and complaint and must move under CPLR 3212.
The facts are that the defendant furnished an undertaking in the amount of $15,000 for a warrant of attachment in a Federal court action. The warrant was vacated. The plaintiff, who was the defendant in the Federal court sues on the undertaking for damages incurred by the attachment. The undertaking states that "the National Surety Company * * * does hereby undertake * * * that plaintiff will pay to the defendant all legal costs and damages which may be sustained by reason of the attachment * * * if it is finally decided that the plaintiff was not entitled to an attachment of the defendants property”.
CPLR 3213 provides that a party may move for summary judgment in lieu of complaint in an action based upon an "instrument for the payment of money only”. Since its enactment in 1963 many cases have restricted the use of the section. (See cases cited: 4 Weinstein-Korn-Miller, par 3213.02; 10 Std. Civ. Prac. Serv., p 151, § 3213; Kipp Bros. v Hartford Acc. & Ind. Co., 63 Misc 2d 788.) However the extent of its application is still open to further consideration.
The instrument in this case is an "undertaking” which is a simplified bond authorized by statute as a substitute for such bond where it is required. (Fed Rules of Civ. Pro., rule 64; CPLR 6212, subd [b]). It contains a clause binding the surety to pay a sum of money upon the happening of certain contingencies. It is, therefore, an executory contract. And once the conditions are achieved nothing remains to be performed except the payment of a sum of money. Thus, in Horne v Law *410 Research Serv. (35 AD2d 931) it was held that a promissory note which contained a conversion clause, was an instrument for the payment of money only, since the right of conversion had expired prior to the commencement of the action. Similarly in this case, once the attachment was vacated the undertaking was transformed into an instrument for the payment of money only. The amount is not required to be fixed (Alport & Son v Hotel Evans, 65 Misc 2d 374, 376) nor must damages be liquidated (Elsman v Glens Falls Ind. Co., 146 Misc 631).
The Advisory Committee’s drafting notes in 1963 stated that CPLR 3213 was intended to provide a speedy and effective means of securing judgments on claims where "a formal complaint is superfluous”. The defendant would gain no advantage by the receipt of a summons and indorsed complaint if the plaintiff had proceeded traditionally in the Civil Court. A complaint in this case is superfluous. Accordingly the motion is granted and an assessment of damages is directed on the reasonableness of the attorneys’ fees.