OPINION OF THE COURT
Herman Cahn, J.
Plaintiff, a commercial bank, brings this action to collect the sum of $59,318.53. This sum is claimed to represent overdrafts due on defendant’s checking account.
Simultaneously with the service of the summons, plaintiff has served papers seeking summary judgment, pursuant to CPLR 3213. The motion is not opposed. However, in order to grant the motion, the court must determine whether or not the instruments upon which the plaintiff brings this action, are instruments for the "payment of money only”, for the purposes of CPLR 3213.
The basic instrument which is the basis of this action is the bank statement rendered by plaintiff to defendant, for the period July 31, 1979 to August 29, 1979. Said bank statement shows defendant’s account overdrawn in the sum of *523 $59,318.53. Said bank statement was not signed by defendant, but in order to qualify for treatment as an instrument for the “payment of money only”, such a signature is not required. (Interman Ind. Prods, v R. S. M. Electron Power, 37 NY2d 151.)
Plaintiff submits in support of this motion, a copy of a corporate resolution executed by defendant, and filed with plaintiff. By said resolution, and specifically paragraph “8” thereof, defendant agreed to be bound by the contents of the bank statement, unless it notified the bank of any error in said statement, within 30 calendar days of the delivery or mailing thereof. Thus, said statement has, by defendant’s corporate resolution become a binding obligation in the absence of timely objection thereto. In this regard, it is stronger legally than an “account stated”. (See Corr v Hoffman, 256 NY 254.)
An account stated is an “instrument for the payment of money only” (Interman Ind. Prods, v R. S. M. Electron Power, supra). The bank statement is also such an instrument for the purposes of CPLR 3213.