## LIBERTY CAPITAL GROUP, Appellant-Respondent, v RICHARD P. RICH, Respondent-Appellant.

First Department, January 13, 1981

### APPEARANCES OF COUNSEL

*Michael M. Connery* of counsel *(John D. Feerick* and *Joseph DeGiuseppe* with him on the brief; *Skadden, Arps, Slate, Meagher & Flom,* attorneys), for appellant-respondent.

*Joseph Sternberg* of counsel *(William A. Kass* with him on the brief; *Kass, Goodkind, Wechsler & Labaton* and *Rich & Ezer,* attorneys), for respondent-appellant.

### OPINION OF THE COURT

LUPIANO, J.

Special Term granted defendant's cross motion for an order dismissing the action and denied plaintiff's motion for summary judgment in lieu of complaint (CPLR 3213) on the ground that it lacked in personam jurisdiction over the defendant. Plaintiff, a Connecticut partnership, and

defendant, a California resident, entered into a complex letter agreement, dated April 14, 1977, which in its introductory recitals specifically states that its purpose is "the settlement of *all* disputes and claims between RPR [defendant Richard P. Rich] and LCG [plaintiff Liberty Capital Group]" (emphasis supplied). The agreement provides, *inter alia*, that on the "Closing Date" plaintiff "shall lend RPR the sum of $62,500. RPR shall deliver to LCG [plaintiff] his secured promissory note evidencing the loan, a specimen copy of which note is attached hereto as Exhibit 1. Such *loan* shall be *secured by a conditional assignment* of RPR's interest in Lee and the other interests provided for in Paragraph 6 of this letter agreement. *In consideration for such loan and for the other considerations provided in this letter agreement,* RPR will relinquish * * * any and all claims whatsoever that he has or might have had with respect to Nevile Coal Sales Company * * * and all other assets of LCG" (emphasis supplied). It is already quite clear that this agreement was all embracing, that the obligation on plaintiff's part to advance $62,500 to defendant was fixed by the agreement, and the obligation on defendant's part to deliver his promissory note evidencing the loan was similarly fixed by the agreement, and that the loan was a specific consideration fully delineated in the agreement.

The inextricable relationship between the loan, its being evidenced by defendant's promissory note, and the agreement, is further illustrated by the clear, unequivocal language of paragraph 16 of the agreement, wherein it is provided: "This letter agreement, *including the exhibits,* schedules, lists *and other documents and writings referred to herein or delivered pursuant hereto,* which *form a part hereof, contains* the *entire understanding* of the parties *with respect to its subject matter.* There are no restrictions, agreements, promises, warranties, covenants or undertakings other than those expressly set forth herein or therein. This letter agreement supersedes all prior agreements * * * between the parties with respect to its subject matter" (emphasis supplied).

In paragraph 17 the parties agree that the letter agreement is to be governed by New York law and consent to the

jurisdiction of New York courts with respect to "any claim arising under this agreement only." Common sense dictates that a claim not arising under or pursuant to the agreement which purports to settle *all* disputes between the parties—for example, a future claim unrelated to the agreement—would not be within the purview of this consent to jurisdiction. Both parties, as they are nonresidents, designated agents, respectively, in New York for service of process regarding any claim arising under the agreement.

Pursuant to this agreement, a note was drawn and delivered by defendant to plaintiff as evidence of the loan made by the latter to defendant in the amount of $62,500, such loan to be secured by a conditional assignment of defendant's interest in certain other transactions. The conditional assignment required by the letter agreement was also furnished by defendant. It is dated April 14, 1977, and clearly states in pertinent part: "WHEREAS, on this date [the parties] entered into an Agreement * * * WHEREAS, *pursuant to the Agreement*, a segregated interest in the partnership known as the Lee Coal Company was created in favor of the Assignor [defendant] * * * NOW, THEREFORE, IT IS HEREBY AGREED AND ACKNOWLEDGED: 1. The Assignor agrees to assign the Segregated Interest to the Assignee in the event that the Assignor defaults in the payment of any installment of interest or principal due on the Note" (emphasis supplied).

Defendant having apparently defaulted in his payments under the note, plaintiff commenced the instant action in New York by serving a summons and moving papers for its motion for summary judgment in lieu of complaint on the note upon the agent designated for service of process in New York for all claims arising under the agreement. Defendant cross-moved to dismiss the action pursuant to CPLR 3211 (subd [a], par 4) on the ground that there is another action pending and pursuant to CPLR 3211 (subd [a], par 8) on the ground that the court did not obtain jurisdiction over the person of the defendant. Special Term did not consider the merits of the motion, choosing to grant the defendant's cross motion to dismiss under CPLR 3211 (subd [a], par 8) on the ground that "[t]he basis for plaintiff's action, however, is not the letter of agreement

but rather the promissory note. Nowhere in the promissory note does defendant designate anyone as his agent for service of process." This result overlooks the clearly defined relationship between the note, the conditional assignment given as security therefor, and the letter agreement. Indeed, it also overlooks defense counsel's admission in his affidavit in support of the cross motion to dismiss that "the note forms a part" of the agreement. Defendant's main contention is, in essence, that as the note forms a part of the agreement, it is not a proper subject for CPLR 3213 relief. The overly narrow and super-restrictive construction of paragraph 17 of the agreement by Special Term does not comport with the unequivocal, clear language of the agreement, the surrounding circumstances and the admission by defense counsel as to the relationship of the note to the agreement. Special Term, in effect, concluded that the note and the agreement must be artificially separated for purposes of CPLR 3213 and that, in essence, the court may not find a jurisdictional predicate contained in an underlying agreement sufficient to maintain an action on an instrument issued pursuant to that agreement.

The essential question is whether defendant's designation of an agent for service of process in this State for "any claim arising under" the agreement is sufficient to confer personal jurisdiction with regard to plaintiff's action (commenced pursuant to CPLR 3213) against defendant upon the note issued pursuant to and referred to in that agreement. Defendant's argument to this court that plaintiff is endeavoring to "have it both ways" by claiming that the note is part of the agreement for purposes of conferring jurisdiction and is not part of the agreement for purposes of securing CPLR 3213 relief is disingenuous. Such a contrived argument fails to recognize that an instrument for the payment of money only need only contain an unequivocal and unconditional promise to pay a specified sum of money. As aptly noted by one eminent legal scholar, a "helpful standard is that offered by Seaman-Andwall Corp. v. Wright Machine Corp. [31 AD2d 136, affd 29 NY2d 617], which says that a case is made out for CPLR 3213 use if two things are shown: (1) the instrument itself and (2) proof of nonpayment pursuant to its terms" (Siegel, New York

Practice, § 289). The mere fact that the note was given as one factor in a transaction embracing other features and that defenses might be advanced raising issues outside the note, does not change its character as one for the payment of money only (see *Seaman-Andwall Corp. v Wright Mach. Corp., supra; Horne v Law Research Serv.,* 35 AD2d 931). In *Paul v Weiss* (48 Misc 2d 683, 688 [PENNOCK, J.]) observed: "The defendant * * * claims that the note and the agreement are inseparable and that the motion for summary judgment is not based upon the note only. In this the court agrees with the defendant, Weiss. However, it has no merit for the denial of the granting of the [CPLR 3213] motion. There is nothing unusual in having instruments of this type issued contemporaneously with written agreements * * * Relevant terms in the contract may affect the instrument, but in the instant case there is no room for any construction of the written instrument taken in conjunction with the note that would create any intention of the parties that the note was not a pure promissory note". The Appellate Division, Third Department, affirmed the award of summary judgment with the declaration that "[t]he legal and factual issues are well outlined and were correctly decided in the comprehensive opinion of Mr. Justice PENNOCK at Special Term" *(Paul v Weiss,* 24 AD2d 1054).

Succinctly stated, the agreement and the note are interrelated so that the consent to jurisdiction and designation of an agent for service of process clearly applies to an action on the note as a dispute between the parties arising out of and pursuant to the agreement, and nothing in the agreement or in the note detracts from the note's status as an instrument for the payment of money only so as to be a proper subject for CPLR 3213 relief.

The parties in their briefs submitted on this appeal inform the court that they have entered into a stipulation that the only matter at issue is the jurisdictional question and that in the event this court disagrees with Special Term's determination, any questions going to the merits of the motion would be reserved for determination by Special Term after remand. In accordance with the wishes of the parties, no position is taken with regard to the merits and

any other issue raised respecting the motion apart from the jurisdictional issue. Accordingly, the order of the Supreme Court, New York County (SCHWARTZ, J.), entered March 3, 1980, which denied plaintiff's motion for summary judgment in lieu of complaint and which granted defendant's cross motion to dismiss the action for lack of in personam jurisdiction should be modified, on the law, to the extent of reversing the grant of defendant's cross motion to dismiss; defendant's cross motion to dismiss based on alleged lack of in personam jurisdiction should be denied, and, as so modified, the order should be affirmed, with costs and disbursements, and the matter remanded to Special Term.

FEIN, J. (concurring). I concur that there should be a reversal upon the ground that the defendant effectively designated the attorneys as his agents upon whom process might be served in an action to enforce the promissory note sued upon. The parties have stipulated that this is the limited issue before us. It is not necessary to determine, in deciding this issue, whether the promissory note is an instrument for the payment of money only, within the meaning of CPLR 3213. That question is for Special Term. Its resolution is irrelevant to the issue of jurisdiction, which depends solely on whether the designation was intended to cover the promissory note as well as the agreement proper. The same questions could have been raised had the action been begun in the conventional manner by service of a summons and complaint. The issue as to jurisdiction would be identical. If Special Term concludes the promissory note is not an instrument for the payment of money only, CPLR 3213 empowers the court to direct that the action proceed in the conventional manner. The issue of jurisdiction is not implicated in that determination.

The agreement, in pertinent part, provides: "16. Entire Agreements: Amendments. This letter agreement, including the exhibits, schedules, lists and other documents and writings referred to herein or delivered pursuant hereto, which form a part hereof, contains the entire understanding of the parties with respect to its subject matter." It is undisputed that the promissory note was a writing delivered

pursuant to the agreement. It thus became part of the agreement, paragraph 17 of which provides, in pertinent part: "RPR hereby appoints Kass, Goodkind, Wechsler & Gerstein, 122 East 42nd Street, New York, New York, as his agent for service of process for any claim arising under this agreement only."

The function of the word "only" does not appear. It may intend to exclude litigation arising under other relationships between the parties. However that may be, it is plain that the promissory note was executed and delivered pursuant to the agreement of which it became a part. This is sufficient to confer authority. A party to a contract may designate an agent to accept service of process on his behalf and thereby confer personal jurisdiction upon the New York courts *(National Equip. Rental v Szukhent,* 375 US 311; *Gilbert v Burnstine,* 255 NY 348, 355).

The promissory note itself provides: "All notices to Payee hereunder shall be addressed to him, c/o Rich & Ezer, 1888 Century Park East, Los Angeles, CA 90067 or such other address of which Payee may advise Payor." The reference is to "notices" and no reference is made to service of process covered by the contract provision designating the attorneys. If it was intended that service upon the attorneys of process to enforce the note was not authorized by the contract designation of the attorneys to accept process, appropriate language could have been included within either the agreement or the note, or both.

The cross motion to dismiss upon the ground that the court has not obtained jurisdiction over the person of the defendant should have been denied and Special Term should have determined whether the action should be dismissed because there is another action pending between the same parties for the same cause of action, and if not, whether the promissory note is an instrument for the payment of money only, within the meaning of CPLR 3213.

KUPFERMAN, J. P., and CARRO, J., concur with LUPIANO, J.; BIRNS and FEIN, JJ., concur in an opinion by FEIN, J.

Order, Supreme Court, New York County, entered on March 3, 1980, modified on the law, to the extent of re-

versing the grant of defendant's cross motion to dismiss; defendant's cross motion to dismiss based on alleged lack of in personam jurisdiction denied, and, as so modified, the order is affirmed, without costs and without disbursements, and the matter remanded to Special Term.