■ COMMUNITY NATIONAL BANK & TRUST CO. OF N. Y., Appellant, v I.M.F. TRADING, INC., et al., Respondents.—Order, Supreme Court, New York County (Herman Cahn, J.), entered on or about December 20, 1989, which denied plaintiff's motion for summary judgment in lieu of complaint pursuant to CPLR 3213, is unanimously modified, on the law, and the motion granted to the extent of awarding judgment against defendant I.M.F. Trading, Inc. in the amount of $110,000 with interest at the rate of 24% a year from March 13, 1989, and remanding for an assessment of the reasonable value of the services rendered by plaintiff's attorneys, and otherwise affirmed, without costs. The clerk is directed to enter judgment accordingly.

The action was brought pursuant to CPLR 3213 and is based

on two separate obligations, the first evidenced by a demand promissory note dated January 12, 1989 in the amount of $110,000, and the second by a bank statement for the month of March 1989 showing defendant's bank account with plaintiff to be overdrawn in the amount of $135,113.44. IAS held that neither the promissory note nor the bank statement was an instrument for the payment of money only, and accordingly denied summary judgment and directed that the action proceed on formal pleadings. While we agree with IAS that the bank statement is not an instrument for the payment of money only, we disagree that the same is true of the promissory note, and we accordingly modify IAS's order to the extent of granting judgment on the note.

With respect to the note, plaintiff seeks to recover not only the $110,000 face amount thereof but also interest on that amount at the rate of 24% a year from March 13, 1989 and attorneys' fees of $16,500. These additional claims for interest and attorneys' fees, IAS held, disqualify the note from CPLR 3213 treatment since they cannot be demonstrated except by reference to proof extrinsic to the note. This is simply not so (and even if it were, it would not be reason for withholding at least partial summary judgment for the face amount of the note).

By the terms of the note, different rates of interest were to apply before and after maturity, and a third rate in the event the note was referred to an attorney for collection. Interest was payable before maturity, meaning until such time as plaintiff demanded payment, on the 12th of each month at a rate equal to plaintiff's prime rate of interest plus 2%; after maturity, at a rate equal to plaintiff's prime rate plus 4%; and, in the event of referral to an attorney for collection, at the rate of 24% a year "from the last day interest on the principal indebtedness has been paid in full". IAS deemed it pertinent that "the amount of interest varies with different time periods and whether or not the note is current", but, while this is true so far as it goes, it is also true that no reference beyond the note need be made to ascertain defendant's agreement to pay interest at the rate of 24% a year in the event of a referral to an attorney. As defendant does not deny that the note is due, that no part of the principal has been paid, and that the last interest payment it made was that which fell due on March 12, 1989, and as it does not raise any meritorious defenses to the note (we have considered defendant's contention, made in passing only in the "Facts" section of its brief, that the note is usurious), it follows that

judgment on the note should have been granted together with interest at the rate of 24% a year from March 13, 1989. We would add that even if defendant's liability for interest could not be determined except by reference to plaintiff's prime rate of interest at various points in time, this would not have disqualified the note from CPLR 3213 treatment *(Schwartz v Turner Holdings,* 139 AD2d 458; *Manufacturers Hanover Trust Co. v Green,* 95 AD2d 737, *appeal dismissed* 61 NY2d 760; *Alport & Son v Hotel Evans,* 65 Misc 2d 374, 376).

The note also provides that in the event it is referred to an attorney, defendant is to be liable for "an attorneys' fee of 15% of the amounts then owing and unpaid"; thus plaintiff's additional claim for $16,500 representing 15% of $110,000. Although policy considerations do dictate that contract clauses providing for recovery of attorneys' fees in a liquidated amount not be enforced without court oversight assuring that the attorneys' services are such as to warrant, on a quantum meruit basis, the amount liquidated *(Matter of First Natl. Bank v Brower,* 42 NY2d 471, 474), agreements such as this, liquidating attorneys' fees as a percentage of the amount to be collected, are common in promissory notes *(Equitable Lbr. Corp. v IPA Land Dev. Corp.,* 38 NY2d 516, 522), and have never been held to disqualify a note from CPLR 3213 treatment. Given a question as to the reasonableness of the amount liquidated by the percentage formula, the usual, indeed, uniform practice has been to grant judgment on the issue of the defendant's liability for attorneys' fees while ordering a hearing on the issue of the reasonable value of the attorneys' services *(supra; see also, e.g., Torres & Leonard v Select Professional Realties,* 118 AD2d 467; *Manufacturers Hanover Trust Co. v Green, supra; Chemical Bank v Nattin Realty,* 61 AD2d 921).

Concerning the bank statement, we need find only that it does not even purport to be an instrument by which defendant obligated itself to pay plaintiff a sum of money, and that it no more makes out a prima facie case than does an unsubscribed account stated *(see, Interman Indus. Prods. v R. S. M. Electron Power,* 37 NY2d 151, 155-156). We do not decide whether CPLR 3213 treatment would be warranted had defendant agreed in writing to be bound by plaintiff's bank statements *(see, Bank Hapoalim v Madison Carpet Corp.,* 103 Misc 2d 522). Concur—Carro, J. P., Rosenberger, Kassal, Ellerin and Wallach, JJ.